UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY PERRY,

       Petitioner,

v.                                                       Case No. 2:12-CV-14227
                                                     Honorable Patrick J. Duggan

MARY BERGHUIS,

       Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

**I.**     **Introduction**

Michigan prisoner Gary Perry ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging his plea-based state criminal convictions in 2006 for armed robbery, conspiracy to commit armed robbery, and felony firearm for which he was sentenced as a third habitual offender to 10 to 60 years imprisonment and a consecutive term of two years imprisonment. In his pleadings, Petitioner asserts that the prosecutor never filed a proper complaint and challenges the jurisdiction of the Macomb County Circuit Court.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in

the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such a review in this case, the Court concludes that the petition must be dismissed.

## II.   Discussion

Petitioner asserts that the state trial court lacked jurisdiction over him and his criminal proceedings. The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, *2 (E.D. Mich. Aug. 7, 2008) (Battani, J.); *Chandler v. Curtis*, No. 05-CV-72608-DT, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005) (Cohn, J.); *Groke v. Trombley*, No. 01-CV-10045-BC, 2003 WL 1798109, *5 (E.D. Mich. April 1, 2003) (Lawson, J.); *accord Write v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996). It is well-settled that a perceived violation of state law does not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475,

480 (1991). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *Strunk v. Martin*, 27 F. App'x 473, 475, 2001 WL 1450740, at *2 (6th Cir. 2001). Petitioner therefore fails to state a claim upon which federal habeas relief may be granted. As such, his petition must be dismissed.

### III.     Certificate of Appealability and Leave to Appeal *In Forma Pauperis*

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003). The Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. A certificate of appealability is not warranted. The Court also concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly,

**IT IS ORDERED**, that Petitioner's application for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**;

**IT IS FURTHER ORDERED**, that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

Dated: October 22, 2012

                                          <u>s/PATRICK J. DUGGAN</u>
                                          UNITED STATES DISTRICT JUDGE

Copy to:
Gary Perry, #188623
West Shoreline Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights, MI 49444